**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK CHIN, | No. 11-18011 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-03258-GEB-DAD |
| v. | |
| RICK HILL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted December 4, 2013[**]
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

Mark Chin appeals from the district court's dismissal of his petition for a

writ of habeas corpus, which the district court determined was time-barred under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). We affirm.

For the first time on appeal, Chin asserts that the state corrections department's denial of his administrative appeal, which formed the basis of his habeas petition, was a "judgment" subject to direct review by the U.S. Supreme Court, § 2244(d)(1)(A), rather than "the factual predicate of [his] claim," § 2244(d)(1)(D). He argues that, because his petition is governed by § 2244(d)(1)(A), he was entitled to take advantage of that sub-section's provision that AEDPA's one-year limitation period does not begin to run until "the expiration of the time for seeking [direct] review." Consequently, Chin asserts, the limitation period only began to run 90 days after his administrative appeal was denied – once the deadline to petition for a writ of certiorari had passed.

Chin had conceded before the district court that the limitations period began to run when the denial of his administrative appeal was issued, and he was right. "[W]hen a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.' As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims."

2

*Mardesich v. Cate*, 668 F.3d 1164, 1172 (9th Cir. 2012) (internal citations omitted)

(quoting § 2244(d)(1)(D)).

    **AFFIRMED.**